**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KENNETH MAPLE,

    Plaintiff,

v.                                                            Case No. 3:22-cv-00466-BJD-MCR

REVISION RENOVATIONS, INC.
d/b/a SERVPRO OF GREATER ST. AUGUSTINE,

    Defendant.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT**

    Plaintiff Kenneth Maple and Defendant Revision Renovations, Inc. (together the "parties"), jointly move this Court to approve their settlement and to Dismiss Case with Prejudice and state:

    1.    Plaintiff has brought a one-count Complaint for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Plaintiff was an hourly employee/crew member of Defendant which is engaged in residential fire and water damage repair services. In the Complaint, Plaintiff claimed he earned bonuses which were not added to his wages for purposes of calculating his overtime rate. Plaintiff also claimed he was entitled to overtime wages for being on-call which Plaintiff alleged was "time he spent engaged to wait."  (Doc. 1).

2. Defendant denied Plaintiff is entitled to any damages and maintained Plaintiff was properly paid. (Doc. 8)

3. Pursuant to this Court's FLSA Scheduling Order (Doc. 6), the parties engaged in early exchange of documents and information and engaged in good faith settlement communications. As a compromise of a bona fide dispute, the parties have reached a full and complete settlement of Plaintiff's claims under the FLSA as follows:

   a) Defendant will pay Plaintiff a gross amount of $250.00, less applicable withholding of taxes and FICA, in settlement of his wages claims;

   b) Defendant will pay Plaintiff a gross amount of $250 in settlement of his liquidated damages claims;

   c) Defendant will pay Plaintiff's attorney a gross amount of $3,900 in settlement of his attorney's fees and costs claims.

   d) Defendant will make all settlement payments within ten (10) days of the Court's approval of the settlement and dismissal of this case with prejudice.

A copy of the Settlement Agreement executed by Plaintiff is attached hereto as Exhibit A.

4. The settlement is a fair and reasonable resolution of a bona fide dispute under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

5.      Defendant's position is that based on careful review and calculation of the records, even if Defendant were to apportion back the amount of the bonuses over the workweeks in which the bonuses may be said to have been earned, the total difference in the overtime paid versus overtime claimed is approximately $53.44. Defendant vigorously contests that Plaintiff is entitled to any overtime for being "on-call" while away from work after his shift has ended. To resolve all issues, Defendant offered to pay Plaintiff $250 in back wages, $250 in liquidated damages and reasonable attorney's fees and costs, which Plaintiff accepted.

6.      Moreover, Plaintiff's claim for attorney's fees and costs was negotiated separately from and without regard to Plaintiff's overtime and liquidated damages claims. The amounts to be paid to Plaintiff were first settled on July 25, 2022. Thereafter, on July 26, 2022, the amount of attorney fees and costs were negotiated separately.

7.      The parties are independently represented by counsel and have agreed to settle this case voluntarily and knowingly.

8.      Upon the Court's approval of the parties' settlement of this action, the parties agree to the dismissal of this matter, with prejudice and stipulate to a final order of dismissal.

MEMORANDUM OF LAW

In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action reflects a reasonable compromise of disputed issues. The issue related to "on call" time is vigorously contested by Defendant, which maintains that "on call" time is not compensable based on the facts of the case and overwhelming authority of the courts. Moreover, Plaintiff will receive more than the amounts Defendant calculated he would be entitled to if he were to prevail on his claim that bonuses should have been included for purposes of calculating the overtime rate.

All parties are represented by counsel, and there is no overreaching as Plaintiff negotiated attorney's fees and costs separately from and without regard to his back pay and liquidated damages claims. The Parties, therefore, respectfully submit that

4

the settlement is a reasonable compromise of the disputed issues and should be approved.

WHEREFORE, the parties jointly request that this Court approve the parties' settlement and dismiss this case with prejudice.

Respectfully submitted,

/s/ Kyle J. Lee
Kyle J. Lee, Esq.
Florida Bar No. 105321
Lee Law, PLLC
1971 West Lumsden Road
Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
Info@KyleLeeLaw.com
Counsel for Plaintiff

/s/ Paul A. Donnelly
Paul A. Donnelly, Trial Counsel
Florida Bar No. 813613
paul@donnellygross.com
/s/ Jung Yoon
Jung Yoon
Florida Bar No. 599611
jung@donnellygross.com
Donnelly + Gross
2421 NW 41st Street, Suite A-1
Gainesville, FL 32606
Telephone: (352) 374-4001
Facsimile: (352) 374-4046
Counsel for Defendant

*[Remainder of page intentionally left blank]*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of August, 2022, I filed the foregoing with the Clerk of the Court by using the CM/ECF system which will automatically send a notice to the following counsel of record: Counsel for Plaintiff, Kyle J. Lee, Kyle@KyleLeeLaw.com.

s/ Jung Yoon

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH MAPLE,

    Plaintiff,

v.                                Case No. 3:22-cv-00466-BJD-MCR

REVISION RENOVATIONS, INC.
d/b/a SERVPRO OF GREATER ST. AUGUSTINE,

    Defendant.

_____/

## SETTLEMENT AGREEMENT

WHEREAS, Plaintiff KENNETH MAPLE has made claims for unpaid overtime wages against Defendant REVISION RENOVATIONS, INC. d/b/a SERVPRO OF GREATER ST. AUGUSTINE ("the Company");

WHEREAS, Plaintiff and Defendant (herein collectively referred to as "the Parties") seek a complete resolution of all issues relating to Plaintiff's claims; and

WHEREAS, this Settlement Agreement (hereinafter "this Agreement") is deemed by the Parties to be in their respective best interests;

NOW, THEREFORE, based on the foregoing, and in exchange for good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties agree as follows:

    1.     <u>Obligations of Defendant</u>. In consideration of the obligations of Plaintiff as set forth in this Agreement:

    A.     The Company will pay Plaintiff a gross amount of $250.00, less applicable withholding of taxes and FICA, in settlement of his disputed and denied overtime wages claims. The Company will provide Plaintiff with IRS Form W-2 for the payment stated in this subparagraph.

    B.     The Company will pay Plaintiff a gross amount of $250.00 in settlement of his disputed and denied liquidated damages claims. The Company will provide Plaintiff with IRS Form 1099 for the payment stated in this subparagraph.

C. The Company will pay Lee Law, PLLC a gross amount of $3,900.00 in settlement of Plaintiff's disputed and denied attorneys' fees and costs claims. The Company will provide Lee Law, PLLC with IRS Form 1099 for the payment stated in this subparagraph.

D. The Company will make the above payments within ten (10) days of the Court's approval of the settlement and dismissal of the case with prejudice, by mailing them to Lee Law, PLLC, 1971 West Lumsden Road, Suite 303, Brandon, FL 33511 c/o Kyle J. Lee, Esquire.

2. <u>Obligations of Plaintiff</u>. In consideration of the obligations of Defendant as set forth in this Agreement:

A. <u>Dismissal with Prejudice</u>. Upon the Court's approval of the settlement, Plaintiff agrees to immediately dismiss the above-captioned civil action, with prejudice and stipulates to a final order of dismissal.

B. <u>No Taxes to Withhold</u>. Plaintiff shall be responsible for all federal, state and local taxes, interest and penalties, if any, due on account of the settlement payment made under subparagraphs numbered 1.B. and 1.C., above. Plaintiff agrees and represents that the amount paid per subparagraphs 1.B. and 1.C. in settlement of his claims are fairly and properly allocated as specified above in subparagraphs 1.B. and 1.C. Plaintiff shall indemnify Defendant against any and all liability which may be imposed upon Defendant as a consequence of Plaintiff's failure to withhold taxes from the settlement payments per subparagraphs 1.B. and 1.C. or Plaintiff's failure to pay taxes.

3. <u>Non-Admission</u>. By signing and entering into this Agreement, the Parties do not admit that a violation of any law, rule, regulation, custom, practice or agreement has occurred. This Agreement shall not be construed as an admission of the truth or correctness of the assertions of unpaid overtime compensation made by Plaintiff, or as an admission of any liability. This Agreement is the full and complete settlement of all disputes and issues which have been raised by Plaintiff in this matter.

4. <u>Best Interests</u>. The Parties have read, fully considered, and completely understand this Agreement. The Parties are mutually desirous of entering into this Agreement. The terms of this Agreement are the product of mutual negotiation and compromises between the Parties, and are in the best interests of the Parties. Plaintiff has been afforded and has taken as much time as he desired to consider this Agreement prior to signing and executing it. Having chosen to execute this Agreement, to fulfill the promises set forth herein, and to receive thereby the benefits set forth in paragraph number one (1) above, Plaintiff freely, knowingly, voluntarily and after due consideration and understanding of its full effects, enters into this Agreement intending to waive, settle and release any and all claims and complaints he has against Defendant in this matter.

5. <u>Entire Agreement</u>. This Agreement is the sole, final and complete expression of understanding and the settlement between the Parties, and all prior agreements are hereby superseded. This Agreement may not be modified or amended except by express written agreement

of the Parties. Plaintiff represents and acknowledges that in executing this Agreement, he has not relied upon any representation or statement made by his attorneys, any other party, or their agents or attorneys, which is not set forth specifically in this Agreement.

      6.    Severability. If a court of competent jurisdiction invalidates any provision or part of this Agreement, then all of the remaining provisions and parts of this Agreement shall continue unabated and in full force and effect.

      7.    Governing Law. The laws of the State of Florida shall govern this Agreement.

      8.    Parties to Bear Their Own Attorney's Fees and Costs. Except as provided above, Plaintiff will bear his own attorney's fees and costs. Defendant will bear its own attorney's fees and costs.

      9.    Opportunity to Consider and Confer. Plaintiff affirms and acknowledges that he has been advised in writing to consult with his attorney prior to signing this Agreement, he has consulted fully and completely with his attorney regarding this Agreement prior to signing this Agreement, he has read and understands this entire Agreement, and he signs this Agreement freely and voluntarily.

      IN WITNESS OF THE FOREGOING, the Parties now voluntarily and knowingly, and intending to be legally bound by the above nine (9) enumerated paragraphs as stated herein, make and execute this Settlement Agreement:

Plaintiff:

_____      7/29/2022
KENNETH MAPLE                                  Date

For Defendant:

_____      _____
DAVID SHIRAZYAN                               Date